UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA

v.

SHAWN PHILIP MASIDONIO,
    *Defendant.*

Case No. 1:22-CR-229

ORDER

This matter came before the Court on defendant Shawn Masidonio's appeal of the sentence imposed by Magistrate Judge Fitzpatrick on November 15, 2022 (Criminal No. 1:22-mj-70). On September 6, 2022, Masidonio pled guilty to a one-count criminal information charging him with simple assault, in violation of 18 U.S.C. § 115(a)(5). Judge Fitzpatrick ordered a Presentence Investigation Report and continued the matter for sentencing. On November 15, 2022, following oral argument by both parties and the defendant's allocution, Judge Fitzpatrick orally imposed a sentence of four months of incarceration followed by five years of probation. However, both the written judgment entered on the same day (Dkt. No. 35) and the amended judgment entered on November 30, 2022 (Dkt. No. 38), differed from the orally pronounced sentence. Masidonio noted his appeal of both judgments on December 1, 2022 (Dkt. No. 1). The parties fully briefed the appeal, and the Court heard oral argument on February 16, 2023.

On a criminal appeal pursuant to Fed. R. Crim. P. 58(g)(2)(B), a district court conducting an appellate review of the decision of a magistrate judge "utilizes the same standards of review applied by a court of appeals in assessing a district court conviction." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005). When reviewing a sentence, the Court reviews it for reasonableness, applying an abuse of discretion standard. *United States v. LaFlame*, 541 F. App'x 255, 257-58 (4th Cir. 2013) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). This assessment includes a review of both the procedural and substantive reasonableness of the sentence. *Id.* The Court must ensure that the sentencing judge committed "no significant procedural error," including a "failure to consider the 18 U.S.C. § 3553(a) factors, selecting

a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Lynn*, 592 F.3d 572, 575 (4th Cir. 2010). Absent a significant procedural error, the Court considers whether the sentence is substantively reasonable under the totality of the circumstances, including whether the judge "abused his discretion in determining that the § 3553(a) factors supported the sentence." *United States v. Diosdado-Star*, 630 F.3d 359, 366 (4th Cir. 2011). This analysis does not require a sentencing judge to "provide a lengthy explanation or robotically tick through § 3553(a)'s every subsection." *United States v. Chandia*, 675 F.3d 329, 341 (4th Cir. 2012) (cleaned up). The sentencing court need not explicitly discuss every factor and may give more weight to one factor over another when fashioning a sentence. *United States v. Pauley*, 511 F.3d 468, 476 (4th Cir. 2007) (citing *Gall*, 552 U.S. at 59; *Kimbrough v. United States*, 552 U.S. 85, 100-01 (2007)); *United States v. Johnson*, 445 F.3d 339, 345 (4th Cir. 2006).

On appeal, Masidonio raised four issues: (1) the orally-imposed sentence differed from the written judgment order; (2) the Magistrate Judge relied on materially incorrect information in fashioning his sentence; (3) the sentence was procedurally unreasonable; and (4) the sentence was substantively unreasonable. With respect to the first issue, the parties agree that a remand is appropriate to eliminate the inconsistency between the oral and written sentences. *See United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) ("The primacy of the oral sentence over the written judgment is well established, in our circuit and others."). With respect to the remaining issues, the Court perceives no basis on which to overturn the Magistrate Judge's judgment.

Accordingly, for the reasons articulated from the bench, this matter is hereby

**REMANDED** for issuance of an amended written judgment order consistent with the orally pronounced sentence. The judgment is **AFFIRMED** in all other respects.

It is SO ORDERED.

/s/
Michael S. Nachmanoff
United States District Judge

February 16, 2023
Alexandria, Virginia